IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC. § | | |
| As Broadcast Licensee of the § | | |
| May 6, 2006 De La Hoya/Mayorga Event § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. H-08-1401 | |
| § | (4:08-cv-01401) | |
| JUANA ROCHA LEOS § | | |
| Individually and d/b/a § | | |
| EL CANON NO. 2 § | | |
| § | | |
| Defendant § | | |

### DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**A. Introduction.**

1. Plaintiff is J & J SPORTS PRODUCTIONS, INC., As Broadcast Licensee of the May 6, 2006 De La Hoya/Mayorga Event.

2. Defendant is JUANA ROCHA LEOS, individually and d/b/a EL CANON NO. 2.

3. On 6 May 2008, the Plaintiff sued the Defendant for alleged "piracy" of the May 6, 2006, De La Hoya/Mayorga boxing event of which Plaintiff had the license right to broadcast.

4. On 25 July 2008, the Defendant filed an answer which set out that she denied the allegations set out in the Plaintiff's complaint.

5. On 20 March 2009, Plaintiff filed its Motion for Summary Judgment. Plaintiff claims that it is an aggrieved party under the Federal Communications Act, 47 U.S.C. §§ 553 and 605, and the Plaintiff has elected to seek statutory damages.

6. Summary judgment is improper in this case because there are genuine issues of fact on every element of Plaintiff's cause of action for the alleged "piracy" of the broadcasting of the May 6, 2006 De La Hoya/Mayorga boxing event. Specifically, the Defendant asserts that there are genuine issues of fact as to the following:

   a. Any Liability of the Defendant.
   b. The alleged damages of the Plaintiff.
   c. Attorney's fees allegedly due Plaintiff in bringing this action.

**B. Standard of Review.**

7. Although summary judgment is proper in a case where there is no genuine issue of material fact, the instant action is not a case in which the Court should grant a summary judgment. See Fed. R. Civ. P. 56(c). A Plaintiff moving for summary judgment must satisfy its burden by submitting summary judgment proof that establishes *all* elements of its cause of action as a matter of law. This burden is satisfied only if, after viewing the evidence in the light most favorable to Defendant, no genuine issues of material fact exist and no reasonable trier of fact could find in favor of the Defendant. *San Pedro v. U.S.*, 79 F.3d 1065, 1068 (11th Cir. 1996).

**C. Argument.**

8. The Plaintiff must prove the following essential elements to sustain its claim of "piracy" of the May 6, 2006 De La Hoya/Mayorga boxing event of which Plaintiff had the license right to broadcast:

2

    a. Plaintiff must prove that Defendant broadcast the May 6, 2006 De La Hoya/Mayorga boxing event at the El Canon #2 bar; and

    b. As a result of an alleged piracy, Plaintiff suffered damages caused by Defendant.

9. Because there are material fact issues on each of these elements, the Plaintiff is not entitled to summary judgment in this case. Defendant has clearly answered Plaintiff's discovery and controverted each of Plaintiff's elements. Plaintiff has had the further opportunity to depose any witness it chose, but failed to do so. Thus, to date, Plaintiff has failed to produce any evidence that Defendant broadcast the Event, or that Plaintiff suffered any damages from any pirated broadcast.

**D. Statement of Facts and Objections.**

10. <u>Liability.</u> The issue of liability is clearly in dispute. The Affidavit of Defendant Juana Rocha Leos is attached to this response and is incorporated by reference as if fully set forth at length herein (See Appendix, Exhibit A). Defendant denies that she broadcast the May 6, 2006 De La Hoya/Mayorga boxing event at the El Canon #2 bar. The Defendant denies that the May 6, 2006 De La Hoya/Mayorga boxing event was televised at the El Canon #2 bar. Defendant previously denied the broadcast in her answers to Plaintiff's discovery, and Plaintiff has never sought her deposition testimony. Thus, all evidence to-date in this cause controverts Plaintiff's claims.

11. <u>Damages.</u> Plaintiff claims damages of $10,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II). But this claim of damages is in dispute. Damages in this case represent an unliquidated claim, and the affidavits submitted by the Plaintiff fail to provide direct evidence to this Court that Plaintiff is entitled to $10,000.00 rather than nothing, or $1.00 or some other dollar amount in between. Further, Plaintiff has failed the provide proof of any

specific market factors of the Event in question as applied to the precise market area where the Defendant owns and operates her bar. Plaintiff has not offered proof of the marquee value of the Event; nor the method of delivery to the residential consumer; nor the capacity of the Defendant's establishment for viewing the alleged broadcast; nor any promotional guarantees offered by the promoters to the specific market area where the Defendant owns and operates her bar. Additionally, the Plaintiff has not provided evidence concerning the various bars that were authorized to show the fight in relation to the Defendant's location. Plaintiff has not provided to the Court any form of an admissible damage model to support its claim of damages as to this Defendant. Rather, Plaintiff has merely stated that it desires the highest dollar amount as its damages. Defendant objects to the Affidavit of Thomas P. Riley, as it pertains to damages, as being speculative. Additionally, Defendant objects to those portions of Riley's affidavit stating that the Defendant intercepted the fight in question – the objection is based on hearsay since Riley has no personal knowledge as to what occurred at the El Canon #2 on May 6, 2006.

12. Plaintiff further claims Damages of $50,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). The claim of damages is in dispute because it is an unliquidated claim, and the affidavits submitted by the Plaintiff failed to provide direct evidence to this Court that Plaintiff is entitled to this multiple of five (5), and thereby equating to additional damages of $50,000.00. Defendant objects to the submission of a settlement document as a part of Plaintiff's summary judgment evidence, and the Plaintiff's use of such a document as a factor for considering whether the Defendant is a multiple offender of the Communications Act. It is Defendant's position that the settlement document should not be construed as a finding of liability or fault. Rather, she simply sought to buy peace – at the time, peace was less damaging than continued

litigation. She had no realization that Plaintiff might recycle an old claim, seek to prejudice the forum, and turn a peace treaty into a weapon against her. Defendant objects to the Plaintiff's use of the settlement document as summary judgment evidence.

13. <u>Attorney Fees.</u> Defendant contests the sum of attorney's fees amount sought by the Plaintiff. Defendant asserts that attorney's fees in the amount of $5,000.00 would be appropriate up to this point in time for the Plaintiff. Defendant does not contest the Plaintiff's attorney's hourly rate of $250.00. Attached to this response is the affidavit of Attorney Scott K. Boates – the said affidavit is incorporated by reference as if fully set forth at length herein.

**E.   Summary Judgment Evidence.**

14. In support of Defendant's response, the Defendant includes the following evidence in the attached appendix:

    a.   Affidavit of Juana Rocha Leos.

    b.   Affidavit of Attorney Scott K. Boates.

15. Defendant shows that she did not broadcast the event in question; that the bar she owns and operates did not broadcast the event in question; that the damages claimed by Plaintiff are not supported by evidence produced or sought by Plaintiff; and that the fees claimed by the Plaintiff are neither reasonable nor necessary.

**F. Conclusion.**

For these reasons, the Defendant requests that this Court deny Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

**/S/ Scott K. Boates**

_____
SCOTT K. BOATES
State Bar No. 02526500
Southern District Bar No. 15227
Attorney-in-Charge
2020 Southwest Freeway, Suite 222
Houston, Texas 77098
Telephone:  (713) 664-4010
Telecopier:  (713) 528-0620
ScottBoates  @aol.com

ATTORNEYS FOR DEFENDANT
JUANA ROCHA LEOS
individually and d/b/a
EL CANON NO. 2